# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| MARGIE MCRAE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 211-193 |
| | * | |
| MICHAEL B. PERRY; SSI | * | |
| DEVELOPMENT, LLC; SCOTT | * | |
| COCHRAN; EDWARD | * | |
| OSTERVALD; GLYNN COUNTY | * | |
| GEORGIA; and DOES 1-30, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff's "Motion for Change of Venue to Savannah Pursuant to Local Rule 2.3." Dkt. No. 14. For the reasons stated below, Plaintiff's motion is **DENIED**.

### I. Change of Venue

Plaintiff Margie McRae ("Plaintiff") moves the Court to transfer this case to the Southern District of Georgia's Savannah Division. Plaintiff asserts that venue should be transferred because it will be "prohibitively difficult" to impanel an impartial jury in the Brunswick Division. Pl.'s Mot. 1.

Plaintiff's claims focus on litigation in a property dispute that occurred several years ago. Former Glynn County Superior Court Judge Amanda Williams ("Williams") made various rulings in that litigation. Since that time, Williams has been the subject of a Georgia Judicial Qualifications Commission investigation. Plaintiff claims that potential jurors will not be impartial because the investigation garnered media attention in Brunswick. Plaintiff also argues that one of the witnesses in this case, William Ligon, is now a Georgia Senator, and therefore the jury pool will be tainted with predispositions regarding Ligon. Plaintiff has not alleged that venue is improper in this Court, but rather claims that the Savannah division would be a more desirable forum. Defendants oppose Plaintiff's request to transfer the case. Glynn County Resp., Dkt. No. 20; Perry Resp., Dkt. No. 23; SSI Resp., Dkt No. 28.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' A motion to

---

[1] Plaintiff cites Southern District of Georgia Local Rule 2.3 as authority for her request to transfer the case. While Local Rule 2.3 permits the Court to transfer the case, § 1404(a), and cases interpreting the statute guide the Court's determination on whether to transfer the case.

2

transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Courts consider several factors in evaluating a § 1404(a) motion: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir.2005).

The challenged conduct in this case occurred in the Brunswick area. The case has no connection whatsoever to Savannah. Thus, the first eight factors cut in favor of denying Plaintiff's motion and keeping the case in the Brunswick division. Plaintiff, however, argues that factor nine – trial efficiency and the interests of justice – militates in favor of transferring the case to the Savannah division.[2] Where a party

---

[2] Plaintiff has not explicitly addressed § 1404(a) or any of the factors used in determining if transfer is appropriate. However, Plaintiff's motion is

raises the issue of a potentially biased juror pool, "the relevant question is not whether the community is aware of the case, but whether the prospective jurors have such fixed opinions that they are unable to judge impartially and resolve the dispute between the parties." Haworth, Inc. v. Herman Miller, Inc., 821 F. Supp. 1476, 1480 (N.D. Ga. 1992) (citing United States v. Lehder-Rivas, 955 F.2d 1510, 1524 (11th Cir. 1992)). Here, Plaintiff has not shown that the jury pool in the Brunswick Division is unable to judge impartially and resolve the dispute. At best, Plaintiff has shown that the Brunswick jury pool might be aware of some individuals that were involved in a previous lawsuit, which is somewhat relevant to this suit. Plaintiff's position does not warrant transfer of the case. The Court further notes that adequate procedural mechanisms exist for screening biased jurors at the jury selection phase of litigation. Plaintiff's motion to transfer venue is denied.

## II. Motion for Judicial Notice

In support of her request to transfer venue, Plaintiff also asks the Court to take judicial notice of two facts. First, Plaintiff asks the Court to take judicial notice of the Georgia Judicial Qualifications Commission investigation regarding Williams. Second, Plaintiff asks the Court to take judicial

---

reasonably construed as seeking a transfer based on the "judicial efficiency and interests of justice" factor.

4

AO 72A
(Rev. 8/82)

notice of a criminal case pending against Camden County Sheriff Smith. Because the Plaintiff's motion to transfer venue is denied, the Court sees no need to take judicial notice of the Georgia Judicial Qualifications Commission investigation or any pending case against Sheriff Smith at this time.

For the above reasons, Plaintiff's "Motion for Change of Venue to Savannah Pursuant to Local Rule 2.3" is **DENIED**.

**SO ORDERED**, this 6th day of September, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA