# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

MARGIE MCRAE,                          *
                                       *
    Plaintiff,                         *
                                       *
    vs.                                *          CV 211-193
                                       *
MICHAEL B. PERRY; SSI                  *
DEVELOPMENT, LLC; SCOTT                *
COCHRAN; EDWARD OSTERVALD;             *
GLYNN COUNTY, GEORGIA; AND             *
DOES 1-30,                             *
                                       *
    Defendants.                        *

## ORDER

Presently before the Court are cross motions for summary judgment filed by the remaining parties in this case. See Dkt. Nos. 119, 122, 123, 128, 129. For the reasons stated below, Glynn County's Motion for Summary Judgment, Dkt. No. 123, is **GRANTED**. SSI Development, Scott Cochran, and Edward Ostervald's Motion for Summary Judgment, Dkt. No. 122, is also **GRANTED** as to Defendants SSI Development and Cochran only. Plaintiff's motions, Dkt. Nos. 119, 128, 129, are **DENIED** and all claims against Defendants Glynn County, SSI Development, and Cochran are **DISMISSED**.

1

**BACKGROUND**

Around June 2000, Plaintiff, Dr. Margie McRae, purchased property on St. Simons Island, Georgia. SSI Development, through its two principals, Scott Cochran and Edward Ostervald, purchased land next door to Dr. McRae's property and built a real estate development called Compass Point. Dkt. No. 122, Ex. A ¶ 5.

In 2002, Dr. McRae filed a quiet title action in the Superior Court of Glynn County against Glynn County and SSI Development. See Dkt. No. 122, Ex. C. The quiet title action concerned the ownership of Gordon Retreat Road, which bordered Dr. McRae's property and the Compass Point neighborhood. See Dkt. No. 122, Ex. C. Dr. McRae lost the superior court action and then appealed to the Supreme Court of Georgia, which unanimously affirmed judgment in favor of SSI Development. See McRae v. SSI Dev., LLC, 656 S.E.2d 138 (Ga. 2008).

In 2011, Dr. McRae filed this action in federal court asserting various state law claims against SSI Development, Cochran, Ostervald, and Glynn County stemming from damage they had allegedly caused to one of Dr. McRae's pipes. [1] See Dkt. No. 1. Dr. McRae discovered the pipe damage in late 2009. See Dkt.

---

[1] In the present suit, Dr. McRae also asserted a claim of legal malpractice against the lawyer who represented her in the superior court litigation. See Dkt. No. 5. This Court granted summary judgment on that claim. See Dkt. No. 166.

AO 72A
(Rev. 8/82)

No. 147 ¶ 4.  Dr. McRae arranged to have the pipe excavated in order to determine the extent of the problem.  See Dkt. No. 119.  Dr. McRae videotaped that excavation, which occurred on April 19, 2012, and submitted the DVD of that recording as evidence.  See Dkt. No. 119, Ex. 1.  The excavation revealed two points of damage to Dr. McRae's pipe.  See Dkt. No. 119.  There is both a hole in the pipe, and, further down, the pipe's end is crushed.  See Dkt. No. 119.

Dr. McRae, appearing pro se, filed three motions for summary judgment.  See Dkt. Nos. 119, 128, 129.  SSI Development, Cochran, Ostervald, and Glynn County responded and filed their own motions for summary judgment.  See Dkt. Nos. 122, 123.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The court must view the evidence and draw all inferences in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-24

3

(1986). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

**DISCUSSION**

**I. Claims Against Glynn County**

Sovereign immunity bars all Dr. McRae's claims against Glynn County. Under O.C.G.A. § 36-1-4, "[a] county is not liable to suit for any cause of action unless made so by statute." With respect to the claims asserted by Dr. McRae, the County's sovereign immunity has not been waived. The burden of demonstrating waiver rested on McCrae as the party "seeking to benefit from the waiver." See Effingham Cnty. v. Rhodes, 705 S.E.2d 856, 859 (Ga. Ct. App. 2010) (quoting Spalding Cnty. v. Blanchard, 620 S.E.2d 659, 660 (Ga. Ct. App. 2005)). Dr. McRae has not pointed to any statute authorizing waiver, nor could this Court find one that would arguably apply.

Additionally, summary judgment in favor of Glynn County is appropriate in light of Dr. McRae's statements during the September 19th motions hearing. At that hearing, Dr. McRae stated that she no longer believed Glynn County was responsible

4

for the damage to her pipe. See Dkt. No. 174, 5:17-22, 34:4-12. Thus, this Court grants Glynn County's Motion for Summary Judgment.

## II. Claims Against SSI Development, Cochran, and Ostervald

Summary judgment is also appropriate for the claims brought against SSI Development and Cochran. This Court, at the present time, cannot rule on the pending motions as they relate to Ostervald though. Ostervald has filed a Notice of Automatic Stay of Litigation as a result of his pending bankruptcy petition in the United States Bankruptcy Court for the Northern District of Georgia.[2] See Dkt. Nos. 72, 168. Even an entry of judgment in favor of Ostervald could violate this automatic stay. See Ellis v. Consol. Diesel Elec. Corp., 894 F.2d 371, 373 (10th Cir. 1990) ("The operation of the stay should not depend upon whether the district court finds *for* or *against* the debtor.") (emphasis in original).

However, the automatic stay does not apply to SSI Development or Cochran. In regards to those defendants, summary judgment is appropriate because Dr. McRae has failed to meet her

---

[2] Dr. McRae argues that Ostervold should not be entitled to the automatic stay because of 11 U.S.C. § 707(b). See Dkt. No. 172. However, that provision concerns the power of a bankruptcy court to dismiss a bankruptcy case for abuse of the bankruptcy process. It does not give a district court the authority to avoid an automatic stay. Moreover, Dr. McRae, in her later submissions, agreed "that [11 U.S.C. §] 707(b) addresses dismissal of a debtor's bankruptcy case by the court in which the case is pending." See Dkt. No. 178.

AO 72A
(Rev. 8/82)

burden as the plaintiff to produce admissible evidence of causation to permit a jury to find in her favor. To link SSI Development and Cochran to the pipe damage, Dr. McRae submitted the DVD of the pipe excavation. See Dkt. No. 119, Ex. 1. Dr. McRae insists that the DVD confirms that one of the Defendants transected her pipe. See Dkt. No. 119. She argues the DVD is "irrefutable evidence" of that. See Dkt. No. 119.

While the DVD of the pipe excavation clearly shows that her sewage pipe is not functioning, the DVD shows little else. The only evidence linking SSI Development or Cochran to the pipe damage is the mere fact that the damage occurred underneath land that SSI Development had, at one point, developed. That evidence alone is insufficient to allow a reasonable jury to find in Dr. McRae's favor. Conclusory allegations, speculation, and conjecture do not create an issue of material fact. See Walker v. CSX Transp., Inc., 650 F.3d 1392, 1401-02 (11th Cir. 2011); Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996); Ferron v. West, F. Supp. 2d 1363, 1366 (S.D. Ga. 1998).

Furthermore, during the September 19th motions hearing, Dr. McRae admitted several times that, when it comes to the pipe damage, she knows very little. See Dkt. No. 174, 5:16-17 ("I could not know who had damaged the sewer line."); Dkt. No. 174,

6

6:4-5 ("I had no way of knowing about this . . ."); Dkt. No. 174, 6:18-24 (stating that Dr. McRae "didn't see them do it" and asking "[h]ow did [the hole] get there?"); Dkt. No. 174, 7:18-22 (admitting that Dr. McRae had "no understanding at all" as to when the damage occurred and that "[a]ll [she knew was] that they were doing construction").

Dr. McRae argues that the doctrine of *res ipsa loquitur* applies. If *res ipsa loquitur* applied, it would "fill[] the evidentiary gap" discussed above and allow Dr. McRae to reach a jury despite the lack of "evidence of consequence showing negligence on the part of" SSI Development or Cochran. Kmart Corp. v. Larsen, 522 S.E.2d 763, 765 (Ga. Ct. App. 1999). Translated, *res ipsa loquitur* means "the transaction speaks for itself." Parker v. Dailey, 177 S.E.2d 44, 46 (Ga. 1970). As a rule of evidence, "[t]he doctrine authorizes, but does not require, the jury to infer facts from the circumstances in which the injury occurred." Kmart Corp., 522 S.E.2d at 765.

Unfortunately for Dr. McRae, the elements of *res ipsa loquitur* are not satisfied. *Res ipsa loquitur* requires that: (1) the injury is of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the injury was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the injury must not have been due to any

7

voluntary action or contribution on the part of the plaintiff.
Id. The first and second elements are clearly not met in the present case.

Many things other than negligence could have caused the damage to the pipe. Tree roots, ground shifting, or simply old age might have ruptured or crushed Dr. McRae's pipe. In fact, the very shovels and other tools Dr. McRae used to dig up the pipe could have created some of the damage. Pipe damage commonly occurs in the absence of any negligence at all. *Res ipsa loquitir* "does not apply when there is an intermediary cause which could have produced the injury." Sams v. Wal-Mart Stores, Inc., 491 S.E.2d 517, 519 (Ga. Ct. App. 1997).

The second required element is also lacking. Far from being in SSI Development's exclusive control, numerous people had access to the land above the pipe. To provide some context, both the hole in the pipe and the crushed end were found in the area around Compass Point's entrance gate. See Dkt. No. 122, Ex. A ¶¶ 12, 14. That area consists of some shrubbery, a fence, and other landscaping elements. See Dkt. No. 119, Ex. 1. As evidenced by the DVD of the pipe excavation, this area borders a busy road with nothing preventing members of the public from accessing the area. See Dkt. No. 119, Ex. 1. Because so many different parties could access this location, SSI Development

8

could not have had "exclusive control." This is not a case warranting application of *res ipsa loquitur.*

In sum, because only speculation links SSI Development and Cochran to the pipe damage, no reasonable jury could find in Dr. McRae's favor. See Ferron, 10 F. Supp. 2d at 1366 ("[M]ere inferences, conjecture, speculation or suspicion are insufficient to establish a material fact upon which to base the denial of summary judgment.") (internal citations omitted).

## III. Preclusive Effect of the Superior Court Litigation

In many of her submissions to this Court, Dr. McRae discussed the issues and facts concerning her quiet title action in superior court. That information did pertain to Dr. McRae's legal malpractice claim against her former attorney, Defendant Perry; however, Dr. McRae did not specify whether those allegations related solely to Defendant Perry. Out of caution, Defendants SSI Development and Cochran asserted res judicata as an affirmative defense. See Dkt. No. 122. That doctrine, which encompasses both claim and issue preclusion, does not apply to the present case however. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (stating that claim preclusion and issue preclusion "are collectively referred to as 'res judicata'"); Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1

AO 72A
(Rev. 8/82)

(1984) (describing the "evolution" in terminology over the years for preclusion concepts).

Issue preclusion does not apply here because, as its name suggests, issue preclusion prevents relitigation "of an issue of fact or law actually litigated and resolved in a valid court determination essential to [a] prior judgment." Taylor, 553 U.S. at 892. While issue preclusion would certainly apply if this Court were asked to determine the ownership of Gordon Retreat Road, that is not an issue raised by Dr. McRae's present claims as this Court understands them.

Likewise, claim preclusion does not apply. "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Migra, 465 U.S. at 77, n.1. "[F]ederal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same." David Vincent, Inc. v. Broward Cnty., Fla., 200 F.3d 1325, 1331 (11th Cir. 2000).

Under Georgia law, "one must assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be [barred]." Lawson v. Watkins, 401 S.E.2d 719,

10

721 (Ga. 1991) (emphasis in original); see also Sorrells Const. Co., Inc. v. Chandler Armentrout & Roebuck, P.C., 447 S.E.2d 101, 193 (Ga. Ct. App. 1994) ("[C]laim preclusion[] requires a plaintiff to bring all his claims against a party . . . arising out of a particular set of circumstances in one action.").

Here, while both the superior court litigation and the present litigation, at the most general level, involve disputes between SSI Development and Dr. McRae as neighboring landowners, they do not involve the same subject matter or the same particular set of circumstances. The litigation in superior court concerned the ownership of Gordon Retreat Road and whether that road was public or private, whereas this suit involves damage to Dr. McRae's sewage pipe. Compare Lawson, 401 S.E.2d at 721 (holding that res judicata did not bar a subsequent action concerning title to a racetrack when the first suit concerned a series of debt between the parties), with Doman v. Banderas, 499 S.E.2d 98, 101 (Ga. Ct. App. 1998) (holding that a claim based on defamatory letters about plaintiff's business was barred by res judicata when prior suit involved a claim for tortious interference with a business practice and plaintiff "without question" could have amended his complaint to include the defamation claim). Here, ownership of a road and damage to a sewage pipe constitute distinct and separate subjects.

11

Therefore, claim preclusion does not bar Dr. McRae's current action.

To the extent Dr. McRae may be attempting to revisit the outcome of her superior-court quiet title action, this Court has no cause to overturn that judgment. The *Rooker-Feldman* doctrine precludes such relief. See generally Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. v. Feldman, 460 U.S. 462 (1983). Although narrow, *Rooker-Feldman* "prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1339 (11th Cir. 2010) (quoting Lance v. Dennis, 546 U.S. 459, 460 (2006)). While this Court can issue a decision on the property damage, nuisance, and conspiracy counts raised against Defendants in Dr. McRae's complaint, the *Rooker-Feldman* doctrine squarely prohibits this Court from reevaluating the outcome of the superior court litigation. See Dkt. No. 5.

## CONCLUSION

Based on the foregoing reasons, summary judgment in favor of Defendants Glynn County, SSI Development, and Scott Cochran is appropriate. Glynn County's Motion for Summary Judgment, Dkt. No. 123, is **GRANTED**. The Motion for Summary Judgment filed

12

AO 72A
(Rev. 8/82)

on behalf of SSI Development, Scott Cochran, and Edward Ostervald, Dkt. No. 122, is **GRANTED** as to SSI Development and Scott Cochran only. As a result, all claims against Glynn County, SSI Development, and Scott Cochran are **DISMISSED** and Dr. McRae's Motions, Dkt. Nos. 119, 128, 129, are **DENIED**.

      **SO ORDERED**, this 28th day of November, 2012.

                                    

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)