# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| MARGIE MCRAE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 211-193 |
| | * | |
| MICHAEL B. PERRY; SSI DEVELOPMENT, | * | |
| LLC; SCOTT COCHRAN; EDWARD | * | |
| OSTERVOLD; GLYNN COUNTY, | * | |
| GEORGIA; DOES 1-30; | * | |
| BRUNSWICK-GLYNN COUNTY JOINT | * | |
| WATER AND SEWER COMMISSION; and | * | |
| KEITH MORGAN, | * | |
| | * | |
| Defendants. | * | |

### ORDER

Presently before the Court are several motions. A final order and judgment in this case is appropriate as all claims against all defendants are hereby resolved as explained below.

**I. Defendant Michael Perry**

McRae asserted a claim of legal malpractice against Defendant Perry, who served as McRae's counsel in a previous lawsuit. On September 7, 2012, this Court granted Defendant Perry's Motion for Summary Judgment. Dkt. No. 166.

1

**II. Defendants SSI Development, LLC, Scott Cochran, and Edward Ostervold**

McRae brought suit against SSI Development, LLC, Scott Cochran, and Edward Ostervold for damage they allegedly caused to McRae's pipe. See Dkt. No. 5. Cochran and Ostervold were members of SSI Development. See Dkt. No. 5. On July 5, 2012, SSI Development, Cochran, and Ostervold filed a Motion for Summary Judgment. Dkt. No. 122. Ostervold also filed a suggestion of Bankruptcy and invoked the protection of an automatic stay pursuant to 11 U.S.C. § 362(a)(1). Dkt. No. 168.

On November 28, 2012, this Court granted Glynn County, SSI Development, and Cochran's motions for summary judgment. See Dkt. No. 179. Ostervold was the only remaining defendant. He had filed for bankruptcy at the time of the summary judgment hearing, so the automatic stay precluded his motion for summary judgment from being entered.

On December 13, 2012, the United States Bankruptcy Court for the Northern District of Georgia granted Ostervold discharge. Dkt. No. 183, Ex. A. Shortly thereafter, Ostervold filed a Motion to Dismiss. Dkt. No. 183. Ostervold's Motion to Dismiss is **MOOT** because the Court may now consider and **GRANT** Ostervold's earlier Motion for Summary Judgment. See Dkt. No. 122. Summary judgment in favor of Ostervold is appropriate for

2

AO 72A
(Rev. 8/82)

the same reasons the Court earlier granted SSI Development and Cochran's Motions for Summary Judgment. See Dkt. No. 179.

### III. Defendant Glynn County

On November 28, 2012, this Court also granted Glynn County's Motion for Summary Judgment. See Dkt. No. 179. After that Order was entered, McRae filed a Third Amended Complaint, which is further discussed below. See Dkt. No. 192. In addition to asserting new claims against new defendants, McRae's Third Amended Complaint contained all claims and allegations against the original defendants. To the extent that McRae seeks to relitigate claims against Glynn County through the filing of her Third Amended Complaint, she cannot do so. Summary judgment has already been granted in favor of Glynn County. Accordingly, Glynn County's Motion to Dismiss, Dkt. No. 193, is **GRANTED**.

### IV. Defendants Brunswick-Glynn County Joint Water & Sewer Commission and Keith Morgan

On February 4, 2013, the Court issued an Order directing McRae to amend her complaint to identify Defendant Does 1-30 within twenty-one days. Dkt. No. 189. In an apparent but misguided and improper effort to comply with that request, McRae filed a Third Amended Complaint asserting new claims against the Brunswick-Glynn County Joint Water and Sewer Commission and its director Keith Morgan. Dkt. No. 192. McRae appears to have interpreted the Magistrate Judge's Order directing her to

identify the Doe Defendants as an invitation to assert entirely new claims.

In addition to naming Does 1-30 as defendants, McRae made the following allegations regarding the Doe Defendants in her initial complaint and her first Amended Complaint.[1] See Dkt. Nos. 1, 5. In reference to Count 3 "Damage to Property," McRae alleged that "[a]s a direct result of the damage to her sewer line, defendants SSI Development, LLC, Cochran Ostervald, Glynn County and *the Doe defendants caused plaintiff's property to be uninhabitable and created a health risk.*" Dkt. No. 5, ¶ 94 (emphasis added). Additionally, in Count 4 "Continuing Nuisance," McRae alleged "[a]s a direct result of the damage of her sewer line, defendants SSI Development, LLC, Cochran, Ostervald, Glynn County and *the Doe defendants created a covert continuing nuisance of sewage contamination that is a public health issue.*" Dkt. No. 5, ¶ 95 (emphasis added). Clearly, the Doe Defendants listed in McRae's Amended Complaint were parties involved in the alleged damage done to McRae's pipe.

However, the "Theft by Conversion" and "Theft by Deception" claims asserted against the new defendants concern utility bills McRae paid for services she allegedly never received. Dkt. No. 192, ¶¶ 99-100. These are different claims than those initially

---

[1] McRae earlier sought leave to file a second amended complaint to assert additional claims against Glynn County. See Dkt. No. 46. That motion was denied. Dkt. No. 53.

4

alleged against the Doe Defendants. Amending the complaint at this stage in the proceedings is untimely to say the least. The last day to file motions to amend or add parties pursuant to the scheduling order was March 16, 2012. See Dkt. No. 38. McRae filed her Third Amended Complaint on February 27, 2013, over eleven months past that deadline.

Where a motion to amend an answer is filed after the deadline contained in the scheduling order, the applicable standard is found in Federal Rule of Civil Procedure 16, rather than Rule 15, because the motion is a motion to amend the scheduling order. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); Pugh v. Kobelco Const. Machinery Am., LLC, 413 F. App'x 134, 135 (11th Cir. 2011). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418. McRae has not articulated why she did not raise these new claims earlier. Accordingly, McRae cannot assert these new claims against entirely new defendants. Brunswick-Glynn County Joint Water and Sewer Commission and Morgan's Motion to Dismiss, Dkt. No. 205, is **GRANTED.**

**V. Defendants Does 1-30**

Because her Third Amended Complaint did not identify the Doe Defendants discussed in her First Amended Complaint, McRae has not complied with this Court's request. Accordingly, the claims against the Doe Defendants are **DISMISSED**.

## CONCLUSION

Ostervold's Motion to Dismiss as a result of his discharge in bankruptcy is **MOOT**. See Dkt. No. 183. This Court can now **GRANT** Ostervold's Motion for Summary Judgment, Dkt. No. 122, and enter judgment in his favor. McRae's "Motion to Dismiss Complaint Against Defendant Ostervold Due to Immunity by Bankruptcy and Opposition to Ostervold Motion to Dismiss" is baffling and, regardless, is **DENIED** to the extent that it opposes Ostervold's dismissal. See Dkt. No. 190. Glynn County's Motion to Dismiss Plaintiff's Third Amended Complaint, Dkt. No. 193, is **GRANTED**. Defendants Brunswick-Glynn County Joint Water and Sewer Commission and Keith Morgan's Motion to Dismiss Plaintiff's Third Amended Complaint, Dkt. No. 205, is also **GRANTED**. The claims against the Doe Defendants identified in the Amended Complaint are **DISMISSED**. All claims in this action have now been resolved. The Clerk of Court is directed to enter the appropriate judgment and close the case.

**SO ORDERED**, this 26th day of June, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA